# The People of the State of Illinois ex rel. William M. Webster, Appellant, v. City of Chicago et al., Appellees.

## Gen. No. 22,518.

1. MUNICIPAL CORPORATIONS—*when duty of removing ashes not imposed upon the city.* The duty of removing ashes is not primarily the duty of the city, but of the property owner, upon whom is imposed the expense of such removal irrespective of ordinance.

2. MUNICIPAL CORPORATIONS—*when city authorized to regulate removal of ashes.* A municipal corporation acts within its powers in legislating upon the subject of the removal of ashes.

3. MUNICIPAL CORPORATIONS—*what is extent of duty of city as to removal of ashes.* When a municipal corporation undertakes the burden of removing ashes from certain classes of buildings, its duty in this regard is limited by the restrictions of the ordinance to the class of buildings designated by the ordinance.

4. MUNICIPAL CORPORATIONS, § 1192*—*what is limit of levy of tax for removal of ashes.* When a city levies a tax on real property for the removal of ashes, it must be assumed that it limits the amount of the levy to the cost of removing ashes from the buildings specified in the ordinance and no others.

5. MUNICIPAL CORPORATIONS—*when city not liable for cost of removal of ashes.* The primary duty of the removal of ashes being upon the property owner and not the city, by levying and collecting a tax sufficient only to pay for the removal of such ashes as the city has by its ordinance assumed to remove at the expense of the taxpayers, the city does not thereby become chargeable with the duty of removing ashes from all buildings without limitation or discrimination.

6. MUNICIPAL CORPORATIONS—*when city not liable for cost of removing ashes.* *Held,* following 272 Ill. 451, that by levying and collecting the tax in question, the city did not become liable for the cost of removing ashes from all residence property therein.

Appeal from the Circuit Court of Cook county; the Hon. JOHN H. FORNOFF, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed June 26, 1916. Rehearing denied July 1, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

THOMAS S. McCLELLAND, for appellant.

RICHARD S. FOLSOM, for appellees; LEON HORNSTEIN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This appeal comes to this court by transfer from the Supreme Court of the State, which held that it was without jurisdiction for the reason that the validity of the ordinances challenged was not necessary to the decision of the case. All of the facts and the rulings of the Supreme Court thereon appear in 272 Ill. 451, in an opinion by Mr. Chief Justice Farmer. It would be a work of supererogation, which neither theology nor law tolerates, to again state the case, which might be imperfectly done, and therefore we are content to simply refer to the Supreme Court's opinion for all that is there so well stated and decided.

As we understand the opinion of the Supreme Court, it is left to this court to decide "whether the City of Chicago has by its acts in levying and collecting a tax to remove ashes and in expending such tax in removing them from some premises but not from all, imposed upon it the legal duty and obligation to remove ashes from all residence property in the city."

In considering the question it must be borne in mind that the duty of removing ashes is not primarily the duty of the city, but of the property owner, and that the expense of such removal is imposed by law upon the property owner without regard to the ordinance. The city having the right to legislate upon the subject of the removal of ashes, when it undertook by ordinance to regulate such removal, was acting squarely within its powers. Not being compelled by law to remove any ashes, when it undertook the burden of removing ashes from certain classes or types of build-

ings, its duty in this regard was limited by the restrictions of the ordinance to the class of buildings designated by such ordinance.

The relator's type of building is, admittedly, not within the class of buildings from which the city assumed the duty of removing ashes. When the city levied a tax on real property for the removal of ashes, it must be assumed that it limited the amount of the levy to the cost of removing ashes from the buildings specified in the ordinance and no others, and in view of the decision of the Supreme Court in this case, *supra,* and *California Reduction Co. v. Sanitary Reduction Works,* 199 U. S. 306, cited as sustaining authority that the primary duty rested upon the owner and not the city to remove ashes at such owner's expense, we are unable to say that by the levying and collecting of a tax sufficient only to pay for the removal of such ashes as the city had by its ordinance assumed to remove at the expense of the taxpayers, it thereby became chargeable with the duty of removing ashes from all buildings without limitation or discrimination.

We are of the opinion that the levying and collecting of the tax above referred to did not impose upon the city the legal duty or obligation to remove ashes from all residence property in the city; consequently that the demurrer interposed by the city to the relator's petition for a writ of mandamus was properly sustained, and the judgment of the Circuit Court is therefore affirmed.

*Affirmed.*